

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-13-00366-CV

**DAN DANIEL,**

**Appellant**

**v.**

**ROBERT WILLIS AND**
**FREESTONE COUNTY SHERIFF'S OFFICE,**

**Appellees**

_____

### From the 87th District Court
### Freestone County, Texas
### Trial Court No. 13-022-CR

---

## MEMORANDUM OPINION

---

On November 6, 2013, the Clerk of this Court sent the following letter to

Appellant Dan Daniel after receiving his initial notice of appeal:

Appellant has filed in this Court his notice of appeal, in which he asks that the Court advise him of his rights. Neither the judges nor the staff of this Court can give legal advice. Therefore, you may wish to contact 1) your attorney, 2) Inmate Legal Services, Texas Department of Criminal Justice, Institutional Division, P.O. Box 99 Huntsville, Texas 77340, or 3) the trial court for further information or assistance.

Appellant is also notified that the notice of appeal sent to this Court is defective in that it fails to identify the trial court judgment or other appealable order from which he desires to appeal. *See* TEX. R. APP. P. 25.2(c), (f); 37.1. Appellant is ordered to file a proper amended notice of appeal with the trial court clerk, with notice given to this Court, within 30 days from the date of this notice. If a proper amended notice of appeal is not filed in the trial court within 30 days from the date of this notice, this appeal must be referred to the Court for appropriate orders. TEX. R. APP. P. 37.1.

On December 3, 2013, we received Daniel's amended notice of appeal. It appeared that Daniel was attempting to sue Appellees Robert Willis and/or the Freestone County Sheriff's Office in this Court for allegedly "stealing" his animals while Daniel was incarcerated.

On December 18, 2013, the Clerk notified Daniel by letter that this Court does not have jurisdiction of an original claim for relief pertaining to alleged theft of animals and that his amended notice of appeal was defective in that it still failed to identify the trial court judgment or other appealable order from which he desired to appeal. Accordingly, the letter further stated:

Appellant is ordered to file a proper amended notice of appeal with the trial court clerk, with notice given to this Court, within 30 days from the date of this notice letter. The amended notice of appeal should identify the trial court cause number of the case and the trial court judgment or other appealable order from which Appellant desires to appeal. Appellant should also attach a copy of the trial court judgment or other appealable order from which he desires to appeal.

Appellant is also directed to separately file a written statement with this Court that clearly states the nature of this appeal.

On January 16, 2014, we received a letter from Daniel accompanied by a document that states that he wants to sue Robert Willis, the Freestone County Sheriff's

Office, and others for "theft" of his animals while he was incarcerated. Neither the letter nor the document identifies any other trial court cause number, trial court judgment, or other appealable order from which Daniel desires to appeal. As stated in our December 18, 2013 letter to Daniel, this Court does not have jurisdiction of an original claim for relief pertaining to alleged theft of animals; therefore, we dismiss this appeal for want of jurisdiction.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007); *see also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b), 51.941(a), 51.208 (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.


REX D. DAVIS
Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed
Opinion delivered and filed January 30, 2014
[CV06]